**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONTINENTAL CASUALTY CO, et al,         No   C 02-4891   VRW
                                             RELATED TO
             Plaintiffs,                     C 02-5292   VRW

                                             AMENDED ORDER
        v

UNITED STATES OF AMERICA, et al,

             Defendants.
_____/

      Plaintiffs seek to establish the Sistrunk Segregated Settlement Account as a trust responsible for allocating settlement payments among the plaintiffs. Doc #185. Plaintiffs also seek an order imposing restrictions on the government's terms of settlement. Doc #186. Additionally, plaintiffs request that the order impose such restrictions on <u>all</u> settlements by the Torts Branch of the United States Department of Justice, Civil Division. Id at 9-10. For the reasons discussed below, plaintiffs' joint petitions are DENIED.

//
//

I

The court was notified that the parties had reached a preliminary settlement agreement on January 10, 2006.  Doc #175.  The settlement agreement was memorialized in a letter from the government to plaintiffs' counsel.  Doc #193 Ex A.  The terms of the settlement agreement, as set forth in a letter memorializing the settlement, are:

> (1) A settlement of $1.75 million for all claims of all parties, which includes any and all costs and attorney's fees;
>
> (2) The settlement is contingent upon an Order Approving Third Party Compromise and Release being issued by the Worker's Compensation Appeals Board;
>
> (3) The parties will propose a protective trial date of July 10, 2006.
>
> (4) If the settlement is not finalized by June 16, 2006 or otherwise fails to occur by that date, the plaintiffs will not claim as special damages any damages incurred between the January 23, 2006 and June 16, 2006.

Id.  The agreement contained no provisions for a structured settlement and the government argues it never agreed to a structured settlement.  Doc #193 at ¶12 (Cheng decl).  Plaintiffs allege, however, that the government understood the agreement was conditioned upon a structured settlement approved by the Center for Medicaid Services (CMS).  Doc #186 at 3-4.

Plaintiffs desire to structure settlement payments to establish a Medicare Set Aside Trust to fund future medical expenses and to reduce the tax liability of the injured person, Ute Sistrunk.  Id.  The government provided model language for a structured settlement in an email on February 17, 2006, although the model language has not been submitted to the court.  Doc #193 ¶6 and Ex C.  After repeated requests for structured settlement

terms from plaintiff Ute Sistrunk's counsel, the government informed plaintiffs that "because plaintiffs indicated that they did not intend to comply with the DOJ's requirement for structured settlement, the only authority our office had was to consummate a cash settlement." Id at ¶11; see also Id Ex H.

In anticipation of the government's promise to enforce the settlement agreement, Id at Ex H, plaintiffs challenge the DOJ requirements for structured settlements. Doc #186. Plaintiffs also seek a court order establishing a qualified settlement trust responsible for allocating settlement funds, Doc #185, presumably to bypass the DOJ requirements and privately create a structured payment plan.

II

Plaintiffs seek to interject the court into settlement negotiations by challenging the legality of the government's terms of settlement. Plaintiffs argue that "conditions that the [government] seeks to impose on the settlement terms are overreaching, unjustified, constitute ultra vires policy making and are in violation of public policy, which causes such conditions to be illegal." Doc #186 at 5. Specifically, plaintiffs challenge DOJ requirements that (1) the government select an annuity broker, (2) plaintiffs are offered less money for structured settlements than cash settlements, (3) annuities provide reversionary interests to the government, (4) limit available financing options and (5) prohibit assignment of the structured settlement. Id at 10-15. But plaintiffs provide no legal basis for the court to force particular settlement conditions upon the government, relying

3

instead on equitable policy arguments.  The court is not in the position to make policy decisions regarding DOJ settlement practices and finds no illegality in any of the requirements.  To the extent these practices are contrary to sound or appropriate public policy, it rests with the executive or legislative branches to regulate.

The identified legal objections that plaintiffs raise are inapplicable.  First, plaintiffs argue that an annuity agent selected by the government would have a conflict of interest in violation of Model Rules of Professional Conduct 1.7(a).  Unless the annuity agent is a lawyer, however, the model rules are not binding for annuity brokers.  Rule 1.7 applies only to lawyers with current clients who have conflicting interests.  But plaintiffs are represented by independent counsel.

Second, plaintiffs argue that any condition prohibiting assignment of the structured settlement eliminates rights granted by 26 USC §5891.  But section 5891 involves tax exemptions for transfers of structured settlement rights and does not establish a statutory right for such transfers.  Plaintiffs are free to contract away any right of assignment and the government can seek such a provision.

Finally, plaintiffs argue that the government practice of selecting brokers without advertising violates the procurement law 41 USC §5.  But section 5 governs only services purchased for the government, not brokers selected to benefit third parties - such as plaintiffs.  Additionally, section 5 exempts services "of a technical and professional manner" such as an annuity broker.

The parties have an enforceable settlement agreement for

**4**

$1.75 million, but the agreement is ambiguous regarding any structured settlement terms.  If the agreement was conditioned upon a structured settlement and parties cannot agree upon the specific terms of payment, then the settlement agreements would be void.  In this case, parties would be free to begin negotiations anew or continue with the underlying litigation.  Alternatively, if the agreement was for a cash payment of $1.75 million, then the plaintiff can take the money and purchase any annuities privately without government involvement.  Because the plaintiffs have failed to assert any legal authority justifying judicial intervention, the court DENIES plaintiffs' joint petition.

### III

Plaintiffs also seek an order establishing a segregated settlement account defined in 26 CFR 1.468B-1.  Doc #185.  But plaintiffs fail to identify the court's authority to create such a trust fund.  As a court of limited jurisdiction this court may not create a qualified settlement account merely because a tax regulation allows the creation of such settlement accounts.  Rather, plaintiffs must identify some constitutional or congressional grant of authority providing this court with jurisdiction to create unilaterally qualified settlement accounts.

The federal regulation plaintiffs identify provides a mechanism whereby courts have authorized qualified settlement accounts by approving a settlement agreement.  Specifically, plaintiffs may create a trust that complies with 26 CFR 1.468B-1(c)(2) and (c)(3).  The opposing party, the government in this case, and the fund administrator may later jointly make a relation-

5

back election pursuant to 26 CFR 1.468B-1(j)(2) when the court approves the fund as part of a settlement approval.  This allows the settlement fund to be created as a trust for the purpose of settling a contested claim, but obtain court approval at a later date.  See 26 CFR 1.468B-1(c)(1) (fulfilled if a court either establishes <u>or approves</u> the qualified settlement fund).  Of course, this would require the government's acquiescence and the government has objected to the creation of a qualified settlement account.  Doc #203.

        Because plaintiffs have failed to demonstrate that this court has authority to create a qualified settlement fund, plaintiffs' joint petition to establish the Sistrunk Segregated Settlement Account is DENIED.

        The parties are directed to appear on January 2, 2007, at 9:00 am to report on the status of the case and for further scheduling, if necessary.

        SO ORDERED.

**VAUGHN R WALKER**
**United States District Chief Judge**