1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  ANDREW Y.S. CHENG (SBN 164613)
   KATHERINE B. DOWLING (SBN 220767)
4  Assistant United States Attorneys

5      450 Golden Gate Avenue, 10th Floor
       San Francisco, California 94102-3495
6      Telephone:  (415) 436-6813
       Facsimile:  (415) 436-6748
7
   Attorneys for Defendant
8  United States of America

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

| | |
|---|---|
| 12  CONTINENTAL CASUALTY COMPANY, | No. C 02-4891 VRW (ARB) **Related to** No. C 02-5292 VRW (ARB) |
| 13 | **E-FILING CASE** |
|          Plaintiff, | |
| 14 | |
|     v. | |
| 15 | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT** |
| UNITED STATES OF AMERICA, | **AND [PROPOSED] ORDER** |
| 16  UNITED STATES POSTAL SERVICE, and DAVID W. TYLER, | |
| 17 | |
|          Defendants. | |
| 18 | |
| 19  UTE SISTRUNK, | |
| 20       Plaintiff, | |
| 21      v. | |
| 22  UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE, and | |
| 23  DAVID W. TYLER, and DOES 1 to 20, | |
| 24       Defendants. | |

25  STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF

26  FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

27

28

It is hereby stipulated by and between the undersigned plaintiffs, Ute Sistrunk and Continental Casualty, and defendant, United States of America, by and through their respective

1 | attorneys, as follows:

2 |     1. The parties do hereby agree to settle and compromise each and every claim of any kind,
3 | whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise
4 | to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

5 |     2. The United States of America agrees to pay the cash sum of One Million Seven Hundred
6 | and Fifty Thousand and no cents ($1,750,000) to Plaintiffs Ute Sistrunk and Continental Casualty
7 | Company, which sum shall be in full settlement and satisfaction of any and all claims, demands,
8 | rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and
9 | all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property
10 | and the consequences thereof, resulting, and to result, from the subject matter of this settlement,
11 | including any claims for wrongful death, for which plaintiffs or their guardians, heirs, executors,
12 | administrators, or assigns, and each of them, now have or may hereafter acquire against the United
13 | States of America, its agents, servants, and employees, including but [not] limited to the United States
14 | Postal Service ("USPS") and David Tyler, a USPS employee.

15 |     3. Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to
16 | accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and
17 | satisfaction of any and all claims, demands, any and all liens, including but not limited to, all medical
18 | liens, mechanics liens, attorney fee liens and workers' compensation liens, including but not limited
19 | to the lien of Continental Casualty Company, rights, and causes of action of whatsoever kind and
20 | nature, including claims for wrongful death, arising from, and by reason of any and all known and
21 | unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the
22 | consequences thereof which they may have or hereafter acquire against the United States of America,
23 | its agents, servants and employees on account of the same subject matter that gave rise to the above-
24 | captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether
25 | known or unknown, and whether for compensatory or exemplary damages.  Plaintiff Continental
26 | Casualty and its guardians, heirs, executors, administrators or assigns further agree to reimburse,
27 | indemnify and hold harmless the United States of America, its agents, servants, and employees from
28 | and against any and all such causes of action, claims, liens, rights or subrogated or contribution

SETTLEMENT AGREEMENT,
C 02-5292 VRW (ARB) & C 02-5292 VRW (ARB)     2



interests seeking reimbursement of workers' compensation benefits paid to and/or on behalf of Ute Sistrunk arising out of the industrial accident that is the subject of the consolidated actions herein. Plaintiff Ute Sistrunk, and her heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all causes of action, claims, liens, rights, or subrogated or contribution interests, excepting any by Continental Casualty and its guardians, heirs, executors, administrators or assigns, incident to or resulting from further litigation or the prosecution of claims by Ute Sistrunk, or her guardians, heirs, executors, administrators, or assigns against any third party or against the United States of America, including claims for wrongful death, arising out of the accident that is the subject of the consolidated actions herein, excepting any claims and or actions to enforce the terms of the settlement agreement.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event

SETTLEMENT AGREEMENT,
C 02-5292 VRW (ARB) & C 02-5292 VRW (ARB)          3

plaintiffs fail to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by check drawn from the funds of the Untied States Postal Service for <u>One Million Seven Hundred and Fifty Thousand</u> dollars ($1,750,000) and made payable to Ute Sistrunk and Continental Casualty Company upon the filing of the dismissal of this action. The check will be mailed to plaintiffs' attorney at the following address: Clark W. Patten, Esq., 555 12th Street, Suite 1900, Oakland, CA 94607. Plaintiffs' attorneys agree to assume responsibility for allocation and distribution of the settlement proceeds among the plaintiffs, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated: _Jan/6/07_       _/s/ Ute Sistrunk_
                        UTE SISTRUNK
                        Plaintiff

Dated: _Jan/6/07_       By: _/s/ H. Mal Cameron_
                        H. MAL CAMERON
                        Attorney for Plaintiff Ute Sistrunk

| | |
|---|---|
| Dated: 1/17/07 | By: *[signature]* |
| | CONTINENTAL CASUALTY CO. |
| | Plaintiff's Designated Representative |
| | |
| Dated: 19 Jan 07 | By: *[signature]* |
| | CLARK PATTEN |
| | Attorney for Plaintiff Continental Casualty Company |
| | |
| | KEVIN V. RYAN |
| | United States Attorney |
| | |
| Dated: 1/25/07 | By: *[signature]* |
| | ANDREW Y.S. CHENG |
| | KATHERINE B. DOWLING |
| | Assistant United States Attorneys |
| | Attorneys for the Federal Defendant |
| | United States of America |

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, THIS CASE IS DISMISSED WITH PREJUDICE.**

**SO ORDERED AND APPROVED.**

Dated: 0 1 FEB 2007

*[signature]*

VAUGHN R. WALKER
United States District Judge